IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIDIANE KONE,<br><br>              Petitioner,<br><br>    vs.<br><br>DEAN WILLIAMS,<br><br>              Respondent. | No. 3:19-cv-00230-JKS<br><br>SECOND ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

       On August 23, 2019, Tidiane Kone, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. The Court dismissed the Petition with leave to amend on September 4, 2019. Docket No. 3. The Court's Order outlined numerous defects and indicated how Kone could comply with the procedural requirements of § 2254 . *See id.* On September 9, 2019, Kone filed a second petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Amended Petition"), in which he again challenges as unconstitutional his 2014 judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3AN-12-08971CR. Docket No. 4.

       Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Amended Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4. If so, "the judge must dismiss the petition." *Id.* A petition for habeas

-1-

corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

The Court has reviewed the Amended Petition and determined that it cannot proceed as filed. Accordingly, the Court will dismiss this Amended Petition with leave to amend to permit Kone a second and final opportunity to correct the noted deficiencies.

## A. The Petition Does Not Allege Total Exhaustion

As previously explained, this Court may not consider claims that have not been fairly presented to the State courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Specifically, pursuant to 28 U.S.C. § 2254(b)(1)(A) and (B), before a court may grant a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court, the petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

In Ground 1, Kone alleges that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Specifically, Kone claims that "detective knew [a] witness was making lies about [my] investigation and remove[d] some physical material evidence from [the] jury['s] examination." Kone's Amended Petition indicates that he did not raise Ground 1 on direct appeal, but rather raised it in a motion for post-conviction relief,

Case No. 3AN-18-04627CI, which is currently pending in the Alaska Superior Court and thus is not fully exhausted. *See* https://records.courts.alaska.gov/ (Case No. 3AN-18-04627CI). Likewise, Kone provides no information as to whether he presented Ground 4 (violation of the prohibition on double jeopardy) to the state courts, although the § 2254 form he used specifically asks for such information.

**B.     Mixed Petition**

A petition, such as Kone's, that contains both exhausted and unexhausted claims is called "mixed." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Mixed petitions must be dismissed without prejudice, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* Under the Supreme Court decision in *Rhines v. Weber*, a petitioner with a mixed petition may seek a stay and abeyance in order to exhaust his state remedies with respect to unexhausted claims, however, a stay "should be available only in limited circumstances." *Rhines,* 544 U.S. 269, 277 (2005). The Supreme Court explained that those circumstances require the following: (1) a showing of "good cause for the petitioner's failure to exhaust his claims"; (2) a showing that the unexhausted claims are "not plainly meritless"; and (3) no showing that the "petitioner engage[d] in abusive litigation tactics or intentional delay." *Id.* at 277-78. The *Rhines* Court developed these parameters to limit the stay and abeyance of federal habeas petitions in order to advance the purposes and objectives of the AEDPA. The AEDPA established a one-year statute of limitations period to encourage finality of state court judgments and streamline federal habeas proceedings. *Rhines*, 544 U.S. at 276-77. "Stay and abeyance, if employed too frequently, has the potential to undermine [Congress'] twin purposes." *Id.* at 277.

Kone's conviction became final on May 20, 2019, when the time for filing a petition for certiorari expired 90 days after the Alaska Supreme Court denied his petition for hearing on February 19, 2019. *Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United

States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court.") (citing *Bowen v. Roe*, 188 F.3d 1157 (9th Cir.1999)). Under 28 U.S.C. § 2244(d)(1), Kone should have until May 20, 2020, to file a federal petition for writ of habeas corpus, and even more time, pursuant to 28 U.S.C. § 2244(d)(2), given the pendency of his state petition for post-conviction relief in Anchorage Superior Court, as noted above. Because the statute of limitations is currently being tolled, stay and abeyance does not appear to be necessary in this action. In any event, Kone has not demonstrated that his is one of the "limited circumstances" in which a stay is appropriate. *See Blake v. Baker*, 745 F.3d 977, 981-82 (9th Cir. 2014).

### C. Leave to Amend

Accordingly, Kone shall have a final opportunity to file a Second Amended Petition ("SAP") within thirty (30) days from the date of this Order. The SAP should assert only claims that have been fully exhausted in state court through presentation all the way to the Alaska Supreme Court. Every question in the SAP form should be fully completed. In particular, the SAP will state for *each* claim when it was presented to the Court of Appeals, *i.e.,* Case No. A-11984 or Case No. A-12254, and Supreme Court, *i.e.*, Case No. S-17294 or Case No. S-15993. Conversely, the SAP should exclude any claims that have not been properly exhausted by the Alaska state courts. Furthermore, the SAP must be complete in itself without reference to the original Petition or the Amended Petition and comport with the pleading requirements on federal habeas review, as discussed in this Order and the Order dated September 4, 2019. If Kone does not comply with these requirements, and again includes his unexhausted claims, the SAP will be subject to dismissal without prejudice. *See Rose,* 455 U.S. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.")

In the alternative, Kone may choose to voluntarily withdraw his case to fully exhaust his

unexhausted claims by presenting them to the state court and appealing through the Alaska Supreme Court. In doing so, this case will be closed. Kone must then wait to file a new petition for writ of habeas corpus in this Court after his state claims are adjudicated.[1]

D. **Motion for Leave to Proceed *In Forma Pauperis***

At Docket No. 6, Kone requests for the second time that this Court waive the filing fee to proceed with this case. As noted in this Court's earlier Order, however, the record indicates that Kone paid the $5 filing fee on August 30, 2019. *See* Docket No. 3. Kone's second request for IFP status is thus also moot.

**IT IS THEREFORE ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus at Docket No. 4 is **DISMISSED with leave to amend**.

2. The Motion for Leave to Proceed *in Forma Pauperis* at Docket No. 6 is **DENIED** as moot.

3. The Clerk of Court shall send Kone the form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. **On the enclosed form only, on or before October 24, 2019, Kone may file a Second Amended Petition that raises only those claims that have been fully exhausted in state court, as discussed in this Order and the Order dated September 4, 2019.** Kone shall clearly indicate on the form for *each* claim the proceeding in which the claim was presented to the Alaska Court of Appeals and Alaska Supreme Court. The facts supporting the claims should also be described with sufficient specificity and particularity to satisfy the pleading requirements laid out in this Order and the Order dated September 4, 2019.

---

[1] If he chooses to file a new petition after exhausting all of his claims, Kone must comply with the AEDPA's one-year statute of limitations, as noted above. *See* 28 U.S.C. § 2244(d)(1).

4. Kone is advised that, **if he fails to file a second amended petition by October 24, 2019, his case will be subject to dismissal without further notice.**

Dated at Anchorage, Alaska this 24th day of September, 2019.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge